# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1287 | **DATE** | 9/11/2003 |
| **CASE TITLE** | Calibre CPA Group vs. Novak & Francella, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion to transfer venue to Eastern District of Pennsylvania [11-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | SEP 21 2003 date docketed | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | 20 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 9/11/2003 date mailed notice | |
| KF courtroom deputy's initials | | 03 SEP 11 AM 11:14 Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CALIBRE CPA GROUP, PLLC, a )
District of Columbia professional )
limited liability company, )
)
 Plaintiff, )
) No. 03 C 1287
 v. )
) Mag. Judge Michael T. Mason
NOVAK & FRANCELLA, LLC, a )
Pennsylvania limited liability )
company, and BRIAN FRANCELLA, )
)
 Defendants. )

DOCKETED
SEP 1 2 2003

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us is a motion for change of venue filed by defendants accounting firm Novak & Francella, LLC ("Novak") and partner Brian Francella, which have been sued by Calibre CPA Group, PLLC ("Calibre") for breach of contract. Specifically, Calibre contends that Novak partner Francella violated the non-disparagement clause of a restructuring agreement ("Restructuring Agreement") by which the national accounting firm Thomas Havey LLC ("Havey") was dissolved and its members formed various regional accounting firms instead. The main allegation in the complaint is that Francella, while working for Novak – which is a Pennsylvania company that has offices in that state and in New York – gave an interview to a national accounting publication that violated the non-disparagement clause of the Agreement. Calibre also contends that members of Novak continue to make public comments that violate the Restructuring Agreement. Although Novak admits the accuracy of the relevant portions

of the Restructuring Agreement, it has not admitted that its partners made any statements that violated the non-disparagement clause.[1]

Novak has moved to transfer venue in this case from the Northern District of Illinois to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).[2] It contends that although venue is proper here, the convenience of the parties and witnesses and the interests of justice require transfer. Analysis of the convenience of the parties and witnesses as well as the interests of justice involves a consideration of both private and public interest factors. See *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D.Ill. 1998). This court has the discretion to analyze all relevant factors to decide whether to transfer a case. See *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Private factors include: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof; and 4) the convenience of the witnesses and parties. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 959 (N.D.Ill. 2000). Public interest factors include 1) the relation of the locale to the controversy and desirability of resolving cases in their locale; 2) the court's familiarity with applicable law; and 3) the speed at which the case will proceed to trial. *VonHoldt v. Husky Injecting Molding System, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill. 1995).

---

[1] Section 12 of the Restructuring Agreement contains the non-disparagement clause, and also includes a public statement that all former Havey partners were supposed to make when asked about the restructuring. It is not clear from the complaint whether plaintiff alleges a breach of the non-disparagement clause based on the content of the statement made by the Novak partner or merely because he failed to use the prepared statement in an interview.

[2] 28 U.S.C. § 1404(a) gives a district court the discretion to transfer a case where venue was proper in the transferor district, it would be proper in the transferee district, and the transfer will serve the convenience of the parties and the interests of justice.

2

Not surprisingly, the parties disagree about the application of the factors, and particularly disagree about exactly what the important facts are for our analysis.

Plaintiff, who wants the case to remain in Illinois, focuses on the fact that the negotiation of the terms of the Restructuring Agreement was undertaken by former Havey partners in Chicago who now work for a different accounting firm, still located in Chicago. Plaintiff argues that these partners will have relevant knowledge about the non-disparagement clause and its intended purpose. Additionally, the location of the lawyers who represented Havey during the firm's disbanding is Chicago as well. Further, the Restructuring Agreement has a choice-of-law provision, which requires the deciding court to use Illinois law. Prior to the finalization of the Restructuring Agreement, Havey partners operated under a partnership agreement (Partner Agreement) that contained not only a choice-of-law provision for Illinois law, but also a venue selection clause stating that any legal action arising out of the Partner Agreement must be filed in an Illinois state or federal court. The Restructuring Agreement eliminated this provision, but the Partner Agreement was attached to the Restructuring Agreement as an exhibit.

Plaintiff Calibre's main office – with nine partners – is located in Washington, D.C.; it maintains another office in Chicago with two partners that focuses on complex union pension fund accounting. Calibre alleges that it will likely be necessary to seek evidence from existing or potential Chicago clientele regarding the impact of the alleged disparaging statement. Finally, plaintiff points out that its attorney is located in Chicago.

The defendant argues that this case should be transferred to the Eastern District of Pennsylvania, the location of Novak's main office. It contends that the important

3

event for venue purposes was the interview given by Francella from his New York City office that Calibre alleges violated the non-disparagement clause of the Restructuring Agreement. Novak has admitted the accuracy of the relevant portions of the Restructuring Agreement, including the non-disparagement clause. It points out that the Illinois venue selection clause that was a part of the Partner Agreement was conspicuously omitted from the Restructuring Agreement, and that the choice-of-law provision should be given little weight because the contract law at issue is not particularly complex or specific to Illinois, so any federal court could competently decide the case. Further it argues that Calibre's choice of law is entitled to little deference since Illinois is not the plaintiff's home forum - Washington, D.C. is. And to the extent that plaintiff argues that Novak partners continue to disparage Calibre from Novak's offices in Philadelphia, sources of proof are located there.

With respect to the public interest factors, defendants provide information showing that the dockets in the Eastern District of Pennsylvania are less congested than those in the Northern District of Illinois, and thus it would be beneficial to the public to choose the least crowded forum in which to bring this law suit.

**Analysis**

This is a case in which no one particular forum emerges as the obvious choice since relevant events occurred in several different areas. However, as we explain below, we believe that the interests of justice and convenience of the parties suggest that keeping the case here in the Northern District of Illinois is the proper result.

4

Private Interest Factors

1.  *Plaintiff's Choice of Forum*

In this case, the plaintiff chose Illinois, despite the fact that its principal place of business is Washington, D.C. It apparently wishes to litigate this case in Illinois because the drafters of the Restructuring Agreement reside here, as well as some of its clients, who may be needed to testify regarding the impact of the allegedly infringing statement. Although plaintiff's choice is entitled to some deference, it is not dispositive, especially in situations where many of the events occurred elsewhere. *Amoco Oil*, 90 F.Supp.2d at 960-61. Thus, we find that this factor weighs weakly in favor of the plaintiff.

2.  *Situs of Material Events*

The parties disagree about what the material events in this case are. Defendant contends that we should focus only on the allegedly disparaging statements, which were made, if at all, in New York and Philadelphia. Plaintiff wants us to look at the formation of the contract at issue, which was drafted in Chicago, and also the effect the alleged disparaging statements had (and are still having) on Calibre's Illinois clientele.

We agree that all of the events raised by the parties are material to this case, but we find this factor favors the plaintiff because the events that occurred outside of Illinois – namely the allegedly disparaging comments – are not inherently tied to their locations. That is, there is little evidentiary value to the fact that the statements allegedly made by Novak partners were spoken from offices in New York, Philadelphia, or anywhere else. Since the statement by Novak partner Francella was supposedly published in a national accounting publication, it does not really matter where he was physically located at the

5

time he gave the interview.

In contrast, Calibre has alleged that a significant portion of the effects of the statements will be felt in Chicago, where Calibre has a large client base. And although a similar argument could be made for Washington, D.C., neither party suggests moving the case there. Further, despite defendants' argument that the drafting of the Restructuring Agreement is not material because they have admitted the accuracy of the relevant portions of the document, facts relating to the negotiation and drafting of such Agreement are also relevant to the case, since the parties' intent may be at issue. And the drafting and negotiation occurred in Chicago as well. Thus, this factor weighs in favor of the plaintiff.

### 3. *Relative Ease of Access to Sources of Proof*

This factor also weighs in favor of the plaintiff, but not overwhelmingly. As we explained above, the evidence related to the allegedly infringing statements lies in the statements themselves; there is no proof that is tied to Philadelphia or New York that cannot easily be brought to Illinois. And while plaintiff's evidence that the alleged infringements had a negative effect on its business in Illinois is more tied to this district, proof of such damage is likely to be in the form of live testimony and documents, which are not difficult to gather or move elsewhere, if need be.

### 4. *Convenience of the Parties*

Since the party witnesses are located in a number of different locations, their convenience is a neutral factor. It is true that Philadelphia, New York, and Washington, D.C. are all driving distance from each other, so moving the case to Philadelphia might be more convenient for all but the Chicago party witnesses. However, as we mentioned

above, this case may well involve examination into the drafting of the Restructuring Agreement and its purpose, since Novak denies that any statement made by any of its members is in violation of the Restructuring Agreement's non-disparagement clause. And the drafters of the Restructuring Agreement, as well as their attorneys, are located in Chicago. Also located in Chicago are witnesses for the plaintiff who could testify about the effects the statements had on their opinion of plaintiff from a business perspective. Thus, the convenience of non-party witnesses favors keeping the case in Illinois.

   5.   *Convenience to the Parties*

This factor is fairly neutral. Its true that it would probably be more convenient for the defendants to be able to defend themselves in their home city, but such convenience does not carry over to the plaintiff. While it may be easier for the Washington members of Calibre to travel to Philadelphia than Chicago, they would still have to travel, and our analysis above demonstrates that Chicago would be a more convenient forum for at least some of the Calibre partners. And as plaintiff points out, it has counsel here familiar with the case, as do the defendants. If we transfer the case, plaintiff particularly will have to find new lawyers.

Public Interest Factors

In this case, we do not find that the public interest weighs heavily in favor of either forum. Although statistics show that cases proceed to trial somewhat more quickly in the Eastern District of Pennsylvania than in the Northern District of Illinois, the difference is not so great as be significant. As for the relative courts' familiarity with applicable law, we believe that either district will be able to fully analyze and decide this

case based on Illinois contract law; the legal principles at issue are not unusual or unique. Chicago has more of a relationship to the controversy than does Philadelphia because the negative effects (if any) of the alleged statements will be felt in Chicago, where plaintiff maintains an office. For the same reason, Illinois may have an interest in resolving the conflict. However, as defendants point out, since a majority of both plaintiff's and defendant's offices are in locations other than Chicago, these factors are not terribly strong.

Given that no one state or forum stands out as being the obvious location for the resolution of this conflict, combined with the fact that there are legitimate reasons for this case to go forward in the Northern District of Illinois, we deny defendants' motion to transfer venue. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: September 11, 2003